|  | AUSA: Nhan Ho | Telephone: (313) 226-9100 |
|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Sherri Reynolds | Telephone: (313) 202-3400 |

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of Michigan

United States of America

v.

Nicholas Krandall Wilson, Jr.

Case No. 26-30202

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____June 20, 2025_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) | Possession of a machinegun |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sherri Reynolds, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____April 17, 2026_____

_____
*Judge's signature*

City and state: _Detroit, MI_

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF
CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Sherri Reynolds, being duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1.     This affidavit is in support of criminal complaint and application for an arrest warrant for Nicholas Krandall WILSON, Jr. for violations of 18 U.S.C. § 922(o) (possession of machinegun).

2.     I am a Senior Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since December of 2009. I am currently assigned to the Detroit Field Division. I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving illegal firearms possession and firearms trafficking. Throughout my career, I have investigated or have been involved in hundreds of investigations that involve individuals who are prohibited persons in possession of firearms and/or the illegal use of possession of machineguns.

3.     The facts in this affidavit come from my personal observations, training, experience, conversations with ATF Special Agents, and information provided by other sworn law enforcement officers. This affidavit is intended to show

that there is sufficient probable cause and does not set forth all the information known to law enforcement regarding this investigation.

**PROBABLE CAUSE**

4.     On or about June 20, 2025, officers of the Dearborn Heights Police Department, while conducting routine patrol operations, observed a U-Haul van being operated on Michigan Avenue in the City of Dearborn Heights with no functional taillights.

5.     Officers activated their emergency lights and positioned their patrol vehicle behind the U-Haul to conduct a traffic stop. The U-Haul turned into a side road but continued driving, though it did slow down.

6.     After officers activated their siren, the U-Haul's driver, later identified as WILSON, exited the vehicle while it was still in motion and fled on foot through the parking lot of a nearby apartment complex. During the pursuit, officers observed WILSON carrying what appeared to be a black firearm equipped with a "drum style" magazine in his left hand. He then threw the firearm over a fence on the west side of the apartment complex into an adjacent wooded area, jumped the fence, and fled into the wooded area, at which point officers lost sight of him.

7.     Officers returned to the U-Haul and encountered the passenger, who was identified as the listed renter of the vehicle and was observed to be under the influence of alcohol. Officers conducted an inventory search of the vehicle and

2

discovered a wallet on the driver's side floorboard. The wallet contained identification documents and bank cards bearing WILSON's name, as well as a fraudulent Michigan driver's license. Officers also conducted a query of WILSON in a law enforcement database, which confirmed that he matched the description of the driver who had jumped out from the moving U-Haul and from officers on foot.

8.     Officers searched the wooded area where WILSON had thrown the firearm and recovered a firearm matching the one observed in WILSON's possession, found in the dirt near the location where he had jumped the fence. The recovered firearm was a black Glock 22 Gen 4 pistol, chambered with one round and equipped with a drum magazine loaded with 49 rounds of ammunition. Affixed to the rear of the firearm is a suspected machinegun conversion device (MCD), which was described as having "rose scratches" on the backplate.

9.     An MCD is an aftermarket device that converts semiautomatic pistols to fire automatically, thereby constituting machineguns as defined under 26 U.S.C. § 5845(b). After recovering the firearm, law enforcement test fired it. The firearm functioned as a machinegun.

10.     The MCD affixed to the Glock 22 pistol was plainly visible on its rear portion. Based on training and experience, I know that individuals who possess firearms equipped with MCDs are typically aware of their presence and function, as these devices must be intentionally and physically installed onto a firearm for it to

3

operate in a fully automatic manner — they do not appear on a firearm by accident. During this investigation, law enforcement also identified communications among WILSON and his associates where MCDs were discussed, including through the use of slang terms commonly used to refer to such devices, and in which images of firearms equipped with what appeared to be MCDs were shared.

11.     ATF previously obtained a federal search warrant to review the Instagram accounts associated with WILSON. During a review of the account, law enforcement found WILSON sent Image 1 on June 10, 2026, just ten days before Dearborn Heights Police Department encountered WILSON. Additionally, WILSON also sent a video of what appeared to be the same firearm on or about the same day. Image 2 is a still image captured from the video. In both images, there appears to be red or "rose" scratches on the backplate of this firearm.

 

**Image 1**                **Image 2**

4

## CONCLUSION

12.     Based on the information included in the paragraphs above probable cause exists that from on or about June 20, 2025, in the Eastern District of Michigan, WILSON possessed a machinegun in violation of 18 U.S.C. § 922(o).

_____
Sherri Reynolds
ATF Special Agent

Sworn to before me and signed in
my presence and/or by reliable electronic means.

_____
HONORABLE ELIZABETH A. STAFFORD
UNITED STATES MAGISTRATE JUDGE

Date:_____April 17, 2026_____

5